UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Joseph A. Sands,  Case No. 1:19-cv-2018

    Petitioner

  v.  MEMORANDUM OPINION
AND ORDER

Warden Lyneal Wainwright,

    Respondent

*Pro se* petitioner Joseph A. Sands, has filed a Petition for a Writ of *Habeas Corpus* under 28 U.S.C. § 2254. (Doc. No. 1.) Sands is an Ohio prisoner, incarcerated in connection with a 2006 judgment of conviction in the Lake County Court of Common Pleas. In 2006, a Lake County jury convicted Sands of engaging in a pattern of corrupt activity, three counts of conspiracy to commit aggravated murder, and two counts of conspiracy to commit aggravated arson, for which he was sentenced by trial court to twenty years' imprisonment. I dismissed as time-barred a *habeas corpus* petition Sands filed in 2014 challenging his 2006 convictions, and the Sixth Circuit subsequently denied him a certificate of appealability. *See Sands v. K. Edenfield*, Case No. 1: 14 CV 251.

In his present petition, Sands indicates he now seeks to challenge a November 2016 nunc pro tunc judgment entry entered by the trial court in his criminal case. (*See* Doc. No. 1 at ¶ 2(a).)[1] With his Petition, Sands has filed a motion for a stay, indicating that he has three appeals pending in the Supreme Court of Ohio and asking that I stay this *habeas* case until these state appeals are resolved. (Doc. No. 3.)

---

1 A judgment entry nunc pro tunc appears on the docket in the criminal case, stating that the court is correcting "the judgment entry filed on December 11, 2006, to include in the judgment the statement that the defendant will be supervised under section 2967.28 of the Revised Code after the defendant leaves prison." *See State of Ohio v. Joseph Sands*, 06 CR 00401 (Lake County Ct. of Comm. Pls. Nov. 15, 2016).

Promptly after the filing of a petition for *habeas corpus*, the district court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing *Habeas Corpus* Cases Under Section 2254 Cases (applicable to § 2241 petitions pursuant to Rule 1(b)). If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).

For the reasons stated below, Sands's motion for a stay is denied and I am dismissing his petition without prejudice.

Before a court may grant *habeas corpus* relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

Sands's petition and his motion indicate that the Supreme Court of Ohio has not yet been afforded a full and fair opportunity to rule on the claims he seeks to raise in his petition. Accordingly, his petition is dismissed for lack of full exhaustion pursuant to Rule 4 of the Rules Governing *Habeas Corpus* Cases. This dismissal is without prejudice to Sands's re-filing a proper petition in a subsequent case upon a demonstration of full exhaustion.

I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

So Ordered.

      s/ Jeffrey J. Helmick
      United States District Judge